**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALVATORE LUPIA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FERMI INC., TOBY NEUGEBAUER, MILES EVERSON, GRIFFIN PERRY, JACOBO ORTIZ, MARIUS HAAS, RICK PERRY, CORDEL ROBBIN-COKER, LEE MCINTIRE, UBS SECURITIES LLC, EVERCORE GROUP L.L.C., CANTOR FITZGERALD & CO., MIZUHO SECURITIES USA LLC, MACQUARIE CAPITAL (USA) INC., ROTHSCHILD & CO US INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, TRUIST SECURITIES, INC., BERENBERG CAPITAL MARKETS LLC, and PANMURE LIBERUM LIMITED, <br><br> Defendants. | Case No. 1:26-cv-00050-MKV <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT JOSEPH STELLA AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |

## I.    INTRODUCTION

The above-captioned federal securities class action alleges that Defendants made materially false and misleading statements or omissions in the registration statement and Prospectus ("the Registration Statement") in connection with Fermi Inc.'s ("Fermi" or the "Company") October 2025 initial public offering ("IPO" or the "Offering"). These alleged facts give rise to claims against Defendants under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), both of which are governed by the PSLRA. As a result of Defendants' false and misleading statements, investors, including movant Joseph Stella ("Movant" or "Mr. Stella"), suffered significant harm when the fraud was ultimately revealed.

The PSLRA governs the appointment of a lead plaintiff in a private securities class action. The PSLRA directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *Id*. § 77z-1(a)(3)(B)(iii)(I).

Here, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Movant believes he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in Fermi. *See* Certification and Loss Charts, Declaration of Nathaniel A. Tarnor ("Tarnor Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

In addition to asserting the largest financial interest in this litigation, Movant, a Puerto Rico-based investor, also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests

of the Class. See Gilmore Decl. Ex. C. Given his significant loss and financial interest in prosecuting this case, Movant has both the incentive and ability to supervise and monitor counsel.

Movant has also demonstrated his adequacy through his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries on behalf of harmed investors. *See* Tarnor Decl., Ex. D at 16. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Movant's significant losses, financial interest, and his commitment and ability to oversee this action, Mr. Stella respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.    ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. *Id*. § 77z-1(a)(3)(B)(iii)(I). As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.    Movant's Motion Is Timely

Under the PSLRA, any class member or group of class members may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i). The

notice published in this action on January 5, 2026, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed relevant period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Tarnor Decl., Ex. E. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Movant Has the Largest Financial Interest in the Relief Sought By the Class

As set forth in Movant's PSLRA certification and loss charts, Movant purchased Fermi shares and suffered substantial losses as a result of Defendants' alleged fraud. *See* Tarnor Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    Movant Otherwise Satisfies the Requirements of Rule 23

Mr. Stella has also made a preliminary showing of meeting the typicality requirement of Rule 23. Mr. Stella's claims are identical to, and neither compete nor conflict with, the claims of the other class members. *Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (a lead plaintiff's claims are typical when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). Like other members of the proposed class, Mr. Stella claims that Defendants issued false and misleading statements that persuaded investors to participate in the IPO and purchase common stock during the Class Period, resulting in losses to its investors.

Mr. Stella, a Puerto Rico-based investor, has similarly made a preliminary showing of meeting the adequacy requirement of Rule 23. An adequate lead plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Spirit*

*AeroSystems Holdings, Inc.*, 2023 WL 6938285, at \*2. Nothing suggests that Mr. Stella has any conflict of interest with the proposed class, is subject to a unique defense, or suffers any other infirmity that would impair his ability to represent the class. Mr. Stella has certified that he is willing to fulfill the duties of lead plaintiff and has retained experienced counsel. Tarnor Decl., Ex. A. Mr. Stella is therefore the most adequate lead plaintiff.

**B.      The Court Should Approve Movant's Selection of Counsel**

Subject to the Court's approval, lead plaintiff shall "select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). Courts "generally defer to the plaintiff's choice of counsel, and will only reject the plaintiff's choice if necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 2021 WL 396343, at \*6 (S.D.N.Y. Feb. 4, 2021). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys.*, 2023 WL 6458930, at \*7 (S.D.N.Y. Oct. 4, 2023) (citation omitted).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Tarnor Decl., Ex. D. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. *Gilbert v. Azure Power Glob. Ltd.*, 2022 WL 17539172, at \*3 (S.D.N.Y. Dec. 8, 2022) (approving movant's choice of counsel).

### III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: March 6, 2026

Respectfully Submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By  */s/ Nathaniel A. Tarnor*
    NATHANIEL A. TARNOR

594 Dean Street, Suite 8
Brooklyn, NY 11238
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Lucas E. Gilmore (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Joseph Stella*

**WORD COUNT COMPLIANCE CERTIFICATE**

I, Nathaniel A. Tarnor, certify that this brief complies with Local Civil Rule 7.1(c).

I further certify that, in preparation of this brief, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court.

I further certify that the above-referenced brief contains 1,284 words.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

DATED: March 6, 2026

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR