# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVATORE LUPIA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FERMI INC., TOBY NEUGEBAUER, MILES EVERSON, GRIFFIN PERRY, JACOBO ORTIZ, MARIUS HAAS, RICK PERRY, CORDEL ROBBIN-COKER, LEE MCINTIRE, UBS SECURITIES LLC, EVERCORE GROUP L.L.C., CANTOR FITZGERALD & CO., MIZUHO SECURITIES USA LLC, MACQUARIE CAPITAL (USA) INC., ROTHSCHILD & CO US INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, TRUIST SECURITIES, INC., BERENBERG CAPITAL MARKETS LLC, and PANMURE LIBERUM LIMITED,<br><br>Defendants. | Case No. 1:26-cv-00050-MKV |

**MEMORANDUM OF LAW IN SUPPORT OF DAVID. R. MINTON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

David R. Minton, as Trustee of the Lazy T Family Trust, dated July 6, 2006 ("Minton"), respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Minton as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Minton's selection of Glancy Prongay Wolke & Rotter LLP ("GPWR") as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons who: (a) purchased or otherwise acquired Fermi Inc. ("Fermi") common stock pursuant and/or traceable to the Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with Fermi's October 2025 initial public offering ("IPO"); and/or (b) purchased or otherwise acquired Fermi securities between October 1, 2025 and December 11, 2025, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Minton is the "most adequate plaintiff" as defined by the PSLRA.

Minton believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Minton satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as

1

his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Minton respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Minton's selection of GPWR as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Fermi purports to be an energy and artificial intelligence ("AI") infrastructure company that is structured as a real estate investment trust ("REIT"). The Company claims it aims to build multiple, large-scale nuclear reactors and create its own network of large, grid-independent data centers, powered by a mix of nuclear, natural gas, solar, and battery energy, targeted at artificial intelligence.

On October 1, 2025, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the IPO, the Company sold 37,375,000 shares of common stock at a price of $21.00 per share. The Company received net proceeds of approximately $745.7 million from the IPO. The proceeds from the IPO were purportedly to be used for general corporate purposes, including funding procurement and installation of long lead-time items and construction of long lead-time items, and the acquisition of, or investment in, technologies, solutions, or businesses that complement the business.

However, on December 12, 2025, before the market opened, Fermi revealed the first tenant for the Company's anticipated Project Matador AI campus had terminated its $150 million Advance in Aid of Construction Agreement, which would have supplied construction costs for the facility. On this news, the Company's stock price fell $5.16 per share, or 33.8%, to close at $10.09

2

on December 12, 2025, on unusually heavy trading volume. By the commencement of this action, Fermi stock had traded as low as $8.59 per share, a 59% decline from the $21.00 per share IPO price.

The complaint filed in this action alleges that in the Registration Statement and throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) the Company overstated its tenant demand for its Project Matador campus; (2) the extent to which Project Matador would rely on a single tenant's funding commitment to finance the construction of Project Matador; (3) there was a significant risk that the tenant would terminate its funding commitment; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' acts and omissions, Minton and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Minton Should Be Appointed as Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Minton satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Minton has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Minton is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Minton respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Minton Filed a Timely Motion

Minton has made a timely motion in response to a PSLRA early notice. On January 5, 2026, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Minton had sixty days (*i.e.*, until March 6, 2026) to file a motion to be appointed as lead plaintiff. As a purchaser of Fermi securities pursuant or traceable to the IPO and during the Class Period, Minton is a member of the proposed class and

4

has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Minton attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Minton satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Minton Has the Largest Financial Interest

The PSLRA requires that the Court adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Minton believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Minton suffered substantial financial losses of approximately $78,273.48 in connection with his Exchange Act claims, and $61,880.00 in connection with his Securities Act claims. *See* Linkh Decl., Ex. C. To the best of his knowledge, Minton is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Minton believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Minton Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Minton's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Minton's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Minton alleges that Defendants' material misstatements and

6

omissions concerning Fermi's business, operations, and financial prospects violated the federal securities laws. Minton, like all members of the class, purchased Fermi securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Minton's interests and claims are "typical" of the interests and claims of the class.

### b)   Minton Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Minton has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Minton resides in Chico, California and has been investing for decades. Minton formerly worked for the California Department of Forestry and Fire Protection, and he has a bachelor's degree in public administration from California State University, Chico. Minton is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Minton is adequate to represent the class, and should be appointed as lead plaintiff.

### B.   The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Minton has retained GPWR as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff.

GPWR possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by

the firm's résumé attached to the Linkh Declaration as Exhibit D. GPWR recently obtained final approval of a $433.5 million settlement on behalf of Alibaba Group Holding Limited investors, and final approval of a $120 million settlement on behalf of ViacomCBS Inc. investors. The firm's success on behalf of investors was recognized by Law360, which named GPWR one of the 2025 Law360 Securities Groups of the Year. Thus, the Court may be assured that, by granting the Motion, the class will receive high-quality legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Minton respectfully requests that the Court grant his Motion and enter an Order (1) appointing Minton as Lead Plaintiff; (2) approving his selection of GPWR as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: March 6, 2026            **GLANCY PRONGAY WOLKE & ROTTER LLP**

By:   _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for David. R. Minton, Trustee of the Lazy T*
*Family Trust, and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for David. R. Minton, Trustee of the Lazy T Family Trust, certifies that this brief contains 2,349 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 6, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 6, 2026, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh