**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALVATORE LUPIA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FERMI INC., TOBY NEUGEBAUER, MILES EVERSON, GRIFFIN PERRY, JACOBO ORTIZ, MARIUS HAAS, RICK PERRY, CORDEL ROBBIN-COKER, LEE MCINTIRE, UBS SECURITIES LLC, EVERCORE GROUP L.L.C., CANTOR FITZGERALD & CO., MIZUHO SECURITIES USA LLC, MACQUARIE CAPITAL (USA) INC., ROTHSCHILD & CO US INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, TRUIST SECURITIES, INC., BERENBERG CAPITAL MARKETS LLC, and PANMURE LIBERUM LIMITED, <br><br> Defendants. | Case No. 1:26-CV-00050-MKV <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM IN SUPPORT OF SCOTT WEST'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |

Scott West respectfully submits this memorandum of law in support of his motion for: (1) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C §77z-1(a)(3)(B) and §78u4(a)(3)(B); (2) approval of his selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class; and (3) granting any other relief that the Court may deem just and proper.

## I.   INTRODUCTION

The PSLRA allows any member of the proposed class to move for appointment as lead plaintiff and sets forth the process for determining which movant(s) are the "most adequate." 15 U.S.C. §77z-1(a)(3)(B)(i), §78u-4(a)(3)(B)(i). The PSLRA requires the Court to appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §77z-1(a)(3)(B)(iii), §78u-4(a)(3)(B)(iii).

Mr. West is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Mr. West has timely moved for lead plaintiff appointment. Mr. West has properly been assigned all claims arising from his wife Nancy West's purchase of Fermi Inc. ("Fermi" or the "Company") securities in her retirement account. *See* Declaration of Jeffrey C. Block in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Block Decl."), Ex. E. Mr. West has suffered losses of approximately $237,942.62 in connection with transactions in Fermi common stock during the Class Period and believes he has the largest known financial interest in the relief sought by the class. *See* Block Decl. Exs. B, C. In addition to asserting the largest financial interest, Mr. West readily satisfies the

1

relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

In addition, Mr. West has retained Block & Leviton LLP, counsel with extensive experience prosecuting complex securities class actions, to represent the class. As the "most adequate plaintiff" under the PSLRA, Mr. West's selection of Block & Leviton as Lead Counsel for the class should be approved. *See* 15 U.S.C. §77z-1(a)(3)(B)(v), §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

This securities class action was filed on behalf of persons or entities that purchased or acquired Fermi: (a) common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with Fermi's October 2025 initial public offering ("IPO" or the "Offering"); and/or (b) securities between October 1, 2025 and December 11, 2025, inclusive (the "Class Period"). This case alleges claims under both the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act").

Fermi is structured as a real estate investment trust ("REIT") and purports to be an energy and artificial intelligence ("AI) infrastructure company. ¶2.[1] The Company has no operating history or historical revenue, but allegedly aims to build multiple, large scale nuclear reactors and create its own network of data centers. *Id.* The stated goal of its first project, Project Matador, is to create the world's largest private energy campus, providing dedicated power for AI workloads. *Id.*

Fermi completed its IPO in October 2025. ¶3. In the Registration Statement, Fermi represented there was strong demand for Project Matador and that construction of the facility would be funded

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Lupia v. Fermi Inc., et al.*, Case No. 1:26-cv-00050 (S.D.N.Y. Jan. 5, 2026), ECF No. 1.

by "tenant prepayments" and "lease agreements." ¶¶41, 51. Fermi also touted a "letter of intent" with an "investment grade-rated tenant" (the "First Tenant") to "lease a portion of the Project Matador Site . . . for an initial lease term of twenty years." ¶44. Following the IPO, Fermi continued to speak positively about the First Tenant and announced that it entered into an Advance in Aid of Construction Agreement with Fermi, through which it would advance up to $150 million to Fermi to fund Project Matador construction costs. ¶51. In truth, Defendants overstated the First Tenant's demand for the Project Matador campus and misrepresented the extent to which Project Matador would rely on that single funding commitment to finance construction.

On December 12, 2025, Fermi revealed that the First Tenant terminated the $150 million Advance in Aid of Construction Agreement, which would have supplied construction costs for Project Matador. ¶¶4, 54. As a result, Fermi "commenced discussions with several other potential tenants for power delivery at the Project Matador Site in 2026." ¶54. This news caused the price of Fermi stock to drop $5.16 per share, or more than 33%, from a closing price of $15.25 per share on December 11, 2025, to $10.09 per share on December 12, 2025. ¶55.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Fermi's securities, Mr. West and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.  Mr. West Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Securities Act or the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. 15 U.S.C. §77z-1(a)(1), §78u-4(a)(1), 4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice

3

must be published "in a widely circulated national business-oriented publication or wire service" advising class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §77z-1(a)(3)(A)(i), §78u-4(a)(3)(A)(i). The statutory notice in this action was published on January 5, 2026. *See* Block Decl., Ex. A.

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class the Court determines to be most capable of adequately representing the interests of other class members. 15 U.S.C. §77z-1(a)(3)(B), §78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I), §78u-4(a)(3)(B)(iii)(I).

Mr. West meets these requirements and should therefore be appointed Lead Plaintiff.

### 1.  Mr. West's Motion Is Timely

The statutory notice published on January 5, 2026 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by March 6, 2026. *See* Block Decl., Ex. A. Because Mr. West's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2. Mr. West Has a Substantial Financial Interest In The Relief Sought By The Class

As evidenced by his certification and loss chart, Mr. West suffered approximately $237,942.62 in losses as a result of Defendants' violations of the federal securities laws. *See* Block Decl., Exs. B, C. To the best of Mr. West's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Accordingly, Mr. West is entitled to the presumption that he is the most adequate lead plaintiff.

### 3. Mr. West is Typical and Adequate of the Class

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc), §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *Moore v. Checkpoint Therapeutics, Inc.,* 2024 WL 3090623, at *2 (S.D.N.Y. June 21, 2024) (citing *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)).

"History and precedent make clear" that an assignee of a legal claim has standing to pursue that claim in federal court, "even when the assignee has promised to remit the proceeds of the litigation to the assignor." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 271 (2008). Here, Mr. West has been assigned, transferred, conveyed and set over "any and all claims, demands, and causes of action of any kind whatsoever which [his wife Nancy West] has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase or acquisition of the publicly traded securities of Fermi Inc. . . . [and] appoint[ed] . . . as her true and lawful attorney-in-fact for the purpose of exercising all powers relating to such causes of action." Block Decl. Ex. E.

Mr. West has obtained a valid assignment of claims from his wife, granting him standing to pursue those claims. Mr. West's assignment is nearly identical to the assignment found valid in *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 CIV. 3658 SAS, 2011 WL 4597553, at *5 (S.D.N.Y. Oct. 4, 2011). There, the assignment transferred to the movant "all rights, title and interest of the [assignor] in the [assignor's] claims, demands or causes of action against any defendant relating to any security issued by [the company]." *Id.* at *5. The Court found the assignment "virtually identical to the assignment found to be valid by the Supreme Court in *Sprint*" and therefore sufficient to confer valid assignee standing. *Id.* Accordingly, Mr. West has standing to pursue these claims arising from the purchase of Fermi securities.

The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Moore,* 2024 WL 3090623, at *2 (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Mr. West's claims are typical of those of the Class. Mr. West alleges, as do all Class members, that Defendants violated the Securities Act by issuing a materially false and/or misleading Registration Statement in connection with Fermi's IPO and violated the Exchange Act by making false and/or misleading statements during the Class Period. Like all class members, Mr. West's claims arise from the purchase or acquisition of Fermi stock pursuant and/or traceable to

6

the IPO or during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Fermi's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3). *See Casper v. Song Jinan*, 2012 WL 3865267, at *2 (S.D.N.Y. Sept. 6, 2012).

The adequacy requirement is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Moore,* 2024 WL 3090623, at *2 (citing *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.,* 2007 WL 2363610, at *4 (S.D.N.Y. Aug. 16, 2007)).

Mr. West is a more than adequate representative for the class. He has a substantial financial interest in the case and is committed to vigorously pursuing claims on behalf of the class. Mr. West is not aware of any conflicts between his claims and those asserted by the class. He has submitted a sworn certification with this motion providing information about himself, his background and confirming his desire, willingness, and ability to serve as lead plaintiff. Block Decl., Ex. D.

Mr. West has also selected qualified counsel, highly experienced in securities litigation, as discussed in greater detail below. *See Amberber v. EHang Holdings Ltd.*, No. 21 CIV. 1392 (GBD), 2022 WL 409096, at *3 (S.D.N.Y. Feb. 10, 2022) (finding movant demonstrated *prima facie* adequacy because he "retained qualified, experienced counsel [Block & Leviton], he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits

that he has sufficient incentive to provide vigorous advocacy in this litigation."). Accordingly, Mr. West readily satisfies the adequacy requirement.

Because Mr. West filed a timely motion, believes he has the largest financial interest in the relief sought by the Class, and demonstrated his preliminary typicality and adequacy, the Court should adopt the presumption that Mr. West is the "most adequate" plaintiff.

### B.  The Court Should Approve Mr. West's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v), §78u-4(a)(3)(B)(v). Mr. West has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as lead counsel. Block Decl., Ex. F.

As noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts in this district and across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *see also In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023) (approving $25 million settlement of Securities Act litigation and

8

stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions.").

Accordingly, Mr. West's selection of Block & Leviton as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

For the foregoing reasons, Mr. West respectfully requests that the Court: (1) appoint Mr. West as Lead Plaintiff; (2) approve his selection of Block & Leviton LLP as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED: March 6, 2026                        Respectfully submitted,

_/s/ Jeffrey C. Block_
Jeffrey C. Block
Jacob A. Walker (*pro hac vice* forthcoming)
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Counsel for Plaintiff Scott West*

9

## <u>WORD COUNT CERTIFICATION</u>

I, Sarah E. Delaney, certify that this Memorandum of Law in support of Mr. West's Motion contains 2,797 words and complies with the word count limitation of Local Civil Rule 7.1(c)

/s/ Sarah E. Delaney
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
sarah@blockleviton.com

*Counsel for Plaintiff Scott West*
