**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALVATORE LUPIA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FERMI INC., TOBY NEUGEBAUER, MILES EVERSON, GRIFFIN PERRY, JACOBO ORTIZ, MARIUS HAAS, RICK PERRY, CORDEL ROBBIN-COKER, LEE MCINTIRE, UBS SECURITIES LLC, EVERCORE GROUP L.L.C, CANTOR FITZGERALD & CO., MIZUHO SECURITIES USA LLC, MACQUARIE CAPITAL (USA) INC., ROTHSCHILD & CO US INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, TRUIST SECURITIES, INC., BERENBERG CAPITAL MARKETS LLC, and PANMURE LIBERUM LIMITED,<br><br>        Defendants. | Case No. 1:26-cv-00050-MKV<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF EVER CAPITAL INVESTMENTS S.V., S.A. AND MARIA PATRICIA ROMÁN DECLARA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL <u>OF THEIR SELECTION OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTUAL BACKGROUND........................................................................................................ 3

ARGUMENT ................................................................................................................................ 4

    A.     Ever Capital and Ms. Román Declara Are The Most Adequate Plaintiff ........................ 5

          1.     Ever Capital and Ms. Román Declara Believe They Have The Largest Financial Interest In The Relief Sought By The Class ............................................................5

          2.     Ever Capital and Ms. Román Declara Otherwise Satisfy The Requirements Of Rule 23 ...............................................................................................................6

          3.     Ever Capital and Ms. Román Declara Are An Appropriate Group Under the PSLRA ...............................................................................................................8

    B.    Ever Capital and Ms. Román Declara Selected Well-Qualified Lead Counsel To Represent The Class................................................................................................................................ 11

CONCLUSION........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atwood v. Intercept Pharms., Inc.*,
    299 F.R.D. 414 (S.D.N.Y. 2014) ...........................................................................................6

*Chilton v. Chiumento Grp.*,
    365 F. App'x 298 (2d Cir. 2010) ...........................................................................................5

*Lax v. First Merchs. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ........................................................................5

*Li v. Spirit AeroSystems Holdings, Inc.*,
    2023 WL 6938285 (S.D.N.Y. Oct. 20, 2023) ....................................................................6, 7

*Pack v. LuxUrban Hotels Inc.*,
    2024 WL 3046258 (S.D.N.Y. June 18, 2024) .....................................................................10

*In re Sesen Bio, Inc. Sec. Litig.*,
    2022 WL 3996712 (S.D.N.Y. Sep. 1, 2022).....................................................................8, 10

*Underwood v. Coinbase Glob., Inc.*,
    2022 WL 22996956 (S.D.N.Y. Jan. 11, 2022) ...................................................................10

**Rules**

Fed. R. Civ. P. 23 .............................................................................................. 2, 5, 6, 7

**Statutes**

15 U.S.C. § 77z-1(a)(3)(A)(i)(II)..............................................................................................4

15 U.S.C. § 77z-1(a)(3)(B)(i) ...........................................................................................2, 5, 8

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) .....................................................................................2, 5, 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)......................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ......................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i)(II).............................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ...........................................................................................2, 5, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).....................................................................................2, 5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ...........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................11

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................11

**Other Authorities**

17 C.F.R. § 240.10b-5 ..................................................................................................................1

Ever Capital Investments S.V., S.A. ("Ever Capital") and Maria Patricia Román Declara respectfully submit this memorandum of law in support of their motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the putative Class; and (3) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above captioned securities class action (the "Action") alleges that Fermi Inc. ("Fermi" or the "Company") and certain of its senior officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The Action also asserts claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k, 77o) against Fermi, certain executives and directors that signed the Company's registration statement filed with the SEC on September 30, 2025, and the underwriters of the Company's initial public offering ("IPO") of 37,375,000 shares of common stock on or about October 1, 2025.

More specifically, the Action alleges that in the offering materials for Fermi's IPO and from October 1, 2025 through December 11, 2025 (the "Class Period"), Defendants misrepresented the Company's construction development plans as being supported by strong customer demand and anticipated customer prepayments, while failing to disclose that those plans depended on a single customer's financing commitment that was subject to termination.

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i).  In that regard, the Court is to determine which "person or group of persons" has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I).

For the reasons set forth below, Ever Capital and Ms. Román Declara are the "most adequate plaintiff" by virtue of, among other things, (1) the approximately $347,000 in losses as calculated under a first-in, first-out ("FIFO") basis, and the approximately $385,000 in losses as calculated under a last-in, first-out ("LIFO") basis, that they incurred on their investments in Fermi securities during the Class Period for claims arising under the Exchange Act, and (2) the approximately $85,000 in losses as calculated on a FIFO basis, and the approximately $132,000 in losses as calculated on a LIFO basis that they incurred on their investments in Fermi common stock for claims arising under the Securities Act.

In addition to asserting the largest financial interest, Ever Capital and Ms. Román Declara also satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class.  As set forth in greater detail in the Joint Declaration submitted herewith, Ever Capital—under the leadership of its Chief Financial Officer Joaquín Canadell Mora—is a sophisticated institutional investor, while Ms. Román Declara (who is an employee of Ever Capital and has a relationship with Mr. Mora that predates this litigation by approximately 8 years) is an experienced investor with 25 years of investing experience.  Moreover, both Ever Capital and Ms. Román Declara fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and they are willing and able to

undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

Further, Ever Capital and Ms. Román Declara have selected BFA, a law firm with substantial experience successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.  Accordingly, Ever Capital and Ms. Román Declara respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## FACTUAL BACKGROUND

Fermi is an energy and artificial intelligence ("AI") infrastructure company organized as a real estate investment trust.  ¶2.[1]  The Company seeks to develop large-scale nuclear reactors and create its own network of large, grid independent data centers powered by a mix of nuclear, natural gas, solar, and battery energy to support AI processing needs.  *Id*.  Fermi's first and principal development project is known as "Project Matador," through which the company intends to develop the world's largest private energy campus to support AI processing needs.  *Id.*

On October 1, 2025, Fermi conducted its IPO pursuant to a Registration Statement and Prospectus filed with the SEC.  ¶¶37-38.  In the IPO, Fermi sold 37,375,000 shares of common stock at a price of $21.00 per share, raising net proceeds of approximately $745.7 million.  *Id.*  At the time of its IPO, Fermi had no operating history and had not generated any revenue.  ¶2.

In the offering materials for the IPO, Fermi touted the demand and prospects for Project Matador, represented the Company had entered into a letter of intent with a prospective "First Tenant" for a long-term lease of a portion of the project, said that it was "in advanced discussions with a select group of foundational anchor tenants" for Project Matador, and asserted that "tenant

---

[1] All citations to ¶__ refer to the complaint filed in this matter.  *See* ECF No. 1.

3

prepayments" would help "finance the construction and development of Project Matador." ¶¶41-44.

Following the IPO, Fermi continued to tout its agreement with the First Tenant. For instance, on November 10, 2025, the Company disclosed that it had entered into a $150 million Advance in Aid of Construction agreement with the First Tenant, pursuant to which the First Tenant would "fund a portion of shared infrastructure and utility systems" for Project Matador, which the Company described as "a pivotal milestone in Fermi's commercial program." ¶48.

As alleged, these statements were materially false and misleading. In truth, Fermi materially overstated tenant demand for Project Matador and failed to disclose the extent to which the project's financing depended on a single tenant's funding commitment that was subject to termination. ¶53.

Investors began to learn the truth on December 12, 2025, when Fermi announced that the First Tenant had terminated the $150 million Advance in Aid of Construction agreement which would have supplied construction costs for Project Matador. ¶54. On this news, Fermi's stock price declined $5.16 per share, or 33.8%, to close at $10.09 per share on December 12, 2025. ¶55.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days after publication of notice of the pendency of the action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II), 77z-1(a)(3)(A)(i)(II). On January 5, 2026, Plaintiff Salvatore Lupia filed this Action. On the same day, Mr. Lupia's counsel published notice of the pendency of the Action on *Business Wire*, setting the deadline to seek Lead Plaintiff status by March 6, 2026. *See* Bleichmar Decl. Ex. B. As such, Ever Capital and Ms. Román Declara's motion is timely.

4

**A.    Ever Capital and Ms. Román Declara Are The Most Adequate Plaintiff**

Ever Capital and Ms. Román Declara respectfully submit that they are entitled to be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. §§ 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

**1.    Ever Capital and Ms. Román Declara Believe They Have The Largest Financial Interest In The Relief Sought By The Class**

Ever Capital and Ms. Román Declara believe that they have the "largest financial interest in the relief sought by the class" and thus should be appointed Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb), 77z-1(a)(3)(B)(iii)(I)(bb). Ever Capital and Ms. Román Declara incurred a loss of approximately $347,000 (FIFO) / $385,000 (LIFO) on their investments in Fermi securities for claims arising under the Exchange Act and a loss of approximately $85,000 (FIFO) / $132,000 (LIFO) on their investment in Fermi common stock for claims arising under the Securities Act.[2]

To the best of Ever Capital and Ms. Román Declara's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.

---

[2] In addition to losses, courts often consider various other metrics, including what are typically referred to as "Lax factors," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest). Ever Capital's and Ms. Román Declara's PSLRA certifications and loss calculations provide the necessary trading information to calculate their financial interest under all possible metrics, including recoverable losses, and does not presuppose that there is only one valid methodology. *See* Bleichmar Decl. Exs. C-D.

Accordingly, Ever Capital and Ms. Román Declara believe that they have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I).

### 2. Ever Capital and Ms. Román Declara Otherwise Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Ever Capital and Ms. Román Declara otherwise satisfy the requirements of Rule 23. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(cc), 77z-1(a)(3)(B)(iii)(I)(cc). "'[A]t this stage of the litigation, the movant must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 416 (S.D.N.Y. 2014) (citations omitted). Here, Ever Capital and Ms. Román Declara satisfy both requirements.

Ever Capital and Ms. Román Declara's claims are typical of the claims of other investors in Fermi securities. The typicality threshold is satisfied because Ever Capital and Ms. Román Declara's "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (citation omitted). Here, Ever Capital and Ms. Román Declara's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Ever Capital and Ms. Román Declara: (1) purchased Fermi securities during the Class Period, including common stock pursuant and/or traceable to the IPO; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See id.* As such, Ever Capital and Ms. Román Declara are typical of the Class they seek to represent.

6

Ever Capital and Ms. Román Declara likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied where: (1) there is no conflict between the proposed lead plaintiff and the members of the class; (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) class counsel is qualified, experienced, and generally able to conduct the litigation. *See Li*, 2023 WL 6938285, at *3 (adequacy satisfied where movant "has certified that he is willing to fulfill the duties of lead plaintiff," "has retained counsel with significant experience in securities fraud cases," and "there is, as yet, no indication that [movant] has any interests that are antagonistic to those of the class"). Ever Capital and Ms. Román Declara satisfy these elements because their substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class's claims and oversee counsel. Further, Ever Capital and Ms. Román Declara's interests are aligned with those of other putative class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Ever Capital or Ms. Román Declara and the other putative Class members.

Indeed, Ever Capital and Ms. Román Declara are committed to discharging their obligations as Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and submitted a sworn declaration as to their willingness and ability to fulfill those duties. *See* Bleichmar Decl. Ex. A. What's more, Ever Capital and Ms. Román Declara's Declaration provides the Court with additional information supporting their bona fides, including explaining that Ever Capital and Ms. Román Declara are sophisticated and experienced investors, and given their substantial financial interest in the litigation, that they intend to continue to actively oversee counsel, confer with counsel regarding litigation strategy, attend important court

7

proceedings, hearings, depositions and mediations, and review and authorize the filing of important litigation documents. *See id.* ¶¶3-6, 13-14.

Finally, Ever Capital and Ms. Román Declara have demonstrated their adequacy through their selection of BFA as Lead Counsel to represent the Class. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class actions and has repeatedly demonstrated an ability to conduct complex securities actions effectively.

### 3. Ever Capital and Ms. Román Declara Are An Appropriate Group Under the PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Ever Capital and Ms. Román Declara—two sophisticated investors with a preexisting relationship—is precisely the type of group that courts routinely appoint to serve as Lead Plaintiff. Indeed, the text of the PSLRA expressly permits the appointment of a group of class members to serve as lead plaintiff. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i); 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I). "[I]n this circuit, it is permissible for small, cohesive groups . . . to be appointed collectively as lead plaintiff." *In re Sesen Bio, Inc. Sec. Litig.*, 2022 WL 3996712, at *2 (S.D.N.Y. Sep. 1, 2022).

As set forth in the Joint Declaration, Ever Capital and Ms. Román Declara are a small and manageable group that has demonstrated its commitment and ability to work together cohesively in the prosecution of this action. *See generally* Bleichmar Decl., Ex. A. Moreover, Ever Capital's CFO Mr. Mora and Ms. Román Declara have a pre-litigation relationship that dates back eight years, further demonstrating their ability to coordinate with each other and to oversee counsel and this litigation. *See id.* ¶5. The Joint Declaration also sets forth the reasons why Ever Capital and Ms. Román Declara decided to collaborate in this litigation, explains how the group was formed,

and establishes how Ever Capital and Ms. Román Declara intend to prosecute this litigation and oversee counsel. *See id.* ¶¶6-10.

As reflected in the Joint Declaration, prior to seeking appointment as Lead Plaintiff, Ever Capital and Ms. Román Declara consulted with counsel regarding the merits of the claims against Defendants and the potential to seek a leadership role in this case. *See id.* ¶8-9. Given that Ever Capital and Ms. Román Declara are sophisticated investors with significant knowledge of financial markets, they believe that their partnership would benefit the representation of the Class through the sharing of experience and resources, as well as the diversity of representation and viewpoints. *See id.* ¶¶3-4,7. Ever Capital is a licensed securities firm organized under Spanish law and Ms. Román Declara holds an advanced degree in Economics and has approximately 25 years of investment experience, including senior roles at major financial institutions. *See id.* ¶¶3-4.

Based on their experience, Ever Capital and Ms. Román Declara believe that their partnership will add substantial value to the prosecution of this action and inure to the benefit of the Class. *See id.* ¶7. Ever Capital and Ms. Román Declara also decided to seek appointment as Lead Plaintiff because of their shared goals and interests in ensuring the Class's claims will be zealously and efficiently litigated, and achieving the best possible result for the Class. *See id.* ¶6.

The Joint Declaration also demonstrates that Ever Capital and Ms. Román Declara have already taken (and will continue to take) measures to ensure the vigorous prosecution of this action and oversee its counsel. Before seeking appointment as Lead Plaintiff, Ever Capital and Ms. Román Declara participated in a conference call in which they discussed, among other things: the facts and merits of the claims against Defendants; their losses arising from Defendants' alleged misconduct; the strategy for the prosecution of this litigation, their shared interest in serving jointly as Lead Plaintiff in this case and their commitment to take an active role in supervising the

9

prosecution of the action; and the benefits that the Class would receive from their joint leadership of the case. *See id.* ¶11. Ever Capital and Ms. Román Declara also understand the importance of joint decision making and maintaining open lines of communication. *See id.* ¶10. Indeed, Ever Capital and Ms. Román Declara have the ability to confer, with or without their counsel, to ensure that they are able to make timely decisions. *See id.* Through these and other measures, Ever Capital and Ms. Román Declara have sought to ensure that the Class will receive the best possible representation.

The evidence submitted by Ever Capital and Ms. Román Declara establishing their commitment to zealously and efficiently represent the interests of the Class is more than sufficient to satisfy the adequacy and typicality requirements here. Ever Capital and Ms. Román Declara have demonstrated that they have ample willingness and experience, and that they are committed to working closely with one another to supervise Lead Counsel and maximize the recovery for the Class. Courts in this District appoint groups of investors as Lead Plaintiff under such circumstances. *See. e.g., Pack v. LuxUrban Hotels Inc.*, 2024 WL 3046258, at *4 (S.D.N.Y. June 18, 2024) (appointing a group of "just one institutional investor and one individual" that "demonstrated their ability to work cooperatively" and "professe[d] to be united" in their "shared belief in the merits," "desire to achieve the best possible result for the Class," and "interest in prosecuting the case in a collaborative and likeminded manner"); *Underwood v. Coinbase Glob., Inc.*, 2022 WL 22996956, at *4 (S.D.N.Y. Jan. 11, 2022) (appointing a "relatively small and therefore presumptively cohesive" group of "three individual investors" who "have demonstrated their ability to work cooperatively"); *Sesen Bio*, 2022 WL 3996712, at *3 (appointing a group that "coordinated before forming," "filed an affidavit attesting that they coordinated with one another

10

and planned to do so as the case progressed," and "each of the members appears to be a sophisticated investor").

**B.     Ever Capital and Ms. Román Declara Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country.  BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades.  *See* Bleichmar Decl. Ex. E.  For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.).  BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.).  Previously, in this District, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.).  BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

11

**CONCLUSION**

For the reasons discussed above, Ever Capital and Ms. Román Declara respectfully request that the Court: (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of BFA as Lead Counsel for the putative Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: March 6, 2026

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

 /s/ Javier Bleichmar
Javier Bleichmar
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

-and-

Ross Shikowitz
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

-and-

Adam C. McCall (*pro hac vice* forthcoming)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Proposed Lead Plaintiff Ever Capital Investments S.V., S.A. and Maria Patricia Román Declara, and Proposed Lead Counsel for the Putative Class*

12

## CERTIFICATION OF WORD-COUNT COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c).  The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 3,526 according to the word-processing system used to prepare the document.

Dated: March 6, 2026                                  */s/ Javier Bleichmar*
                                                                      Javier Bleichmar