**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALVATORE LUPIA, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>FERMI INC., TOBY NEUGEBAUER, MILES EVERSON, GRIFFIN PERRY, JACOBO ORTIZ, MARIUS HAAS, RICK PERRY, CORDEL ROBBIN-COKER, LEE MCINTIRE, UBS SECURITIES LLC, EVERCORE GROUP L.L.C., CANTOR FITZGERALD & CO., MIZUHO SECURITIES USA LLC, MACQUARIE CAPITAL (USA) INC., ROTHSCHILD & CO US INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, TRUIST SECURITIES, INC., BERENBERG CAPITAL MARKETS LLC, and PANMURE LIBERUM LIMITED,<br><br>       Defendants. | Case No.: 1:26-cv-00050-MKV<br><br>Hon. Mary Kay Vyskocil |

**NOTICE OF NON-OPPOSITION OF ROBERT KELLEY TO THE COMPETING
LEAD PLAINTIFF MOTIONS**

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Robert Kelley ("Movant") respectfully does not oppose

the competing motions for appointment as lead plaintiff and approval of selection of counsel in

the above-captioned action (the "Action"). On March 6, 2026, Movant timely filed a motion for

appointment as lead plaintiff and approval of selection of counsel, stating that he suffered

approximately $112,717.40 pursuant to Section 21D of the Securities Exchange Act of 1934 and

$36,091.00 pursuant to Section 27 of the Securities Act of 1933 in financial losses in connection

with his purchase of Fermi Inc. (the "Company"): (a) common stock pursuant and/or traceable to

the registration statement and prospectus issued in connection with the Company's October, 2025 initial public offering; and/or (b) securities between October 1, 2025 and December 11, 2025 inclusive. Similar motions for appointment as lead plaintiff and approval of selection of counsel were filed by other putative class members in the Action.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides a presumption that the "most adequate plaintiff" to represent the interests of class members is the person or group that, among other things, has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Based upon a review of the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that, while Movant is well-qualified to serve as Lead Plaintiff in the Action, he does not possess the "largest financial interest in the relief sought by the class" as required by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) and 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(I)(bb).

This non-opposition shall have no impact on Movant's membership in the proposed class, his right to share in any recovery obtained for the benefit of the class, nor his ability to serve as lead plaintiff should the need arise.

Dated: March 16, 2026                                     Respectfully Submitted,

                                                          **LEVI & KORSINSKY, LLP**

                                                          By: */s/ Adam M. Apton*
                                                          Adam M. Apton (AS-8383)
                                                          33 Whitehall Street, 27th Floor
                                                          New York, NY 10004
                                                          Tel: (212) 363-7500
                                                          Fax: (212) 363-7171
                                                          Email: aapton@zlk.com

                                                          *Lead Counsel for Robert Kelley*