**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALVATORE LUPIA, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>   v.<br><br>FERMI INC., TOBY NEUGEBAUER, MILES EVERSON, GRIFFIN PERRY, JACOBO ORTIZ, MARIUS HAAS, RICK PERRY, CORDEL ROBBIN-COKER, LEE MCINTIRE, UBS SECURITIES LLC, EVERCORE GROUP L.L.C., CANTOR FITZGERALD & CO., MIZUHO SECURITIES USA LLC, MACQUARIE CAPITAL (USA) INC., ROTHSCHILD & CO US INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, TRUIST SECURITIES, INC., BERENBERG CAPITAL MARKETS LLC, and PANMURE LIBERUM LIMITED,<br><br>                     Defendants. | Case No. 1:26-cv-00050-MKV<br><br>**RESPONSE IN SUPPORT OF MOTION TO APPOINT JOSEPH STELLA AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |

## I.   INTRODUCTION

Nine motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  A review of the competing filings reveals that movant Joseph Stella ("Mr. Stella" or "Movant") is the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[2]

*First*, Movant claims the largest financial interest, having suffered $532,776 in Section 11 losses on his Class Period transactions (ECF No. 26-2), which is the primary focus of the PSLRA appointment criteria. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

| **Movant** | **Loss Claimed**[3] |
| --- | --- |
| Joseph Stella | $532,776.00 |
| Ever Capital Investments S.V., S.A. | $293,967.12 |
| Maria Patricia Román Declara | $90,809.62 |
| | $384,776.75 |
| Scott West | $237,942.62 |
| ~~Pui San Yvonne Chong~~ | ~~$158,230.00~~ |

---

[1] All capitalized terms are defined in Movant's initial brief, unless otherwise indicated. *See* ECF No. 23.

[2] Movants Robert Kelley, Daniel Enrique-Sarano, Stan Poling and Wesley Langland, and Pui San Yvonne Chong have filed notices of non-opposition to the competing lead plaintiff motions, and Movant David R. Minton has withdrawn his motion. ECF Nos. 46, 48, 56, 57, 58.

[3] For purposes of this comparative table, the "Loss Claimed" represents the higher of the calculated Section 11 or Section 10(b) losses for each respective movant, to the extent both were provided in their initial moving papers. Movant submits this methodology ensures a uniform largest financial interest analysis by evaluating each movant's maximum potential recovery under the theories of liability asserted in the Complaint.

| Movant | Loss Claimed[3] |
|---|---|
| Iron Workers District Council of New England Pension Fund | $120,216.39 |
| ~~Robert Kelley~~ | ~~$112,717.40~~ |
| ~~David R. Minton, as Trustee of the Lazy T Family Trust dated July 6, 2006~~ | ~~$78,273.48~~ |
| ~~Stan Poling~~ | ~~$39,992.00~~ |
| ~~Wesley Langland~~ | ~~$28,278.00~~ |
| | ~~$68,270.00~~ |
| ~~Daniel Enrique-Sarano~~ | ~~$31,934.50~~ |

**Second**, Movant also made a *prima facie* showing of typicality and adequacy. Here, like other class members, Movant's claims raise the common question of whether Defendants made material misrepresentations that artificially inflated the Company's stock price. Moreover, Movant has demonstrated his adequacy given his significant financial stake, retention of qualified counsel and ability and willingness to zealously prosecute the class's claims.

Having satisfied these two steps, Movant is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Movant is inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Movant is somehow unfit to represent the Class.

Any argument that Movant's amended PSLRA certification (ECF No. 49-1) or his transactions in derivative option contracts render him inadequate or atypical is without merit. The amended certification, promptly filed to correct an inadvertent technical omission (ECF No. 49-1 at ¶4 and ECF No. 50), demonstrates Movant's transparency and active oversight of this litigation.

*See, e.g., Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 539 (S.D.N.Y. 2015) (allowing presumptive most adequate plaintiff group to supplement certifications in order to correct technical deficiencies). Furthermore, Movant remains a typical class representative; his losses are tied entirely to the common stock traceable to the IPO, and the modest gains he made from secondary option transactions—which slightly reduce his substantial 10b claim losses (ECF No. 49-2)—do not detract from his alignment with the interests of the Class. *See, e.g., Chauhan v. Intercept Pharms.*, 2021 WL 235890, at *6 (S.D.N.Y. Jan. 25, 2021) (approving lead plaintiff where common stock losses significantly outweighed option gains).

Accordingly, the Court should appoint Movant Lead Plaintiff and approve his choice of counsel.

## II.    ARGUMENT

### A.    Movant's Financial Interest in this Action is Larger than Any Other Movant

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant suffered Section 11 claim losses of $532,776 and Section 10b claim losses of $457,331.50. *See* Tarnor Decl., Ex. B (ECF No. 49-2). Thus, Movant indisputably has the largest financial interest in the relief sought by the Class. *See*, *e.g., Bristol Cnty. Ret. Sys. v. QuidelOrtho Corp.*, 2024 WL 5118417, at *3 (S.D.N.Y. Dec. 16, 2024) (Vyskocil, J.) (comparing movants' claimed losses in evaluating movants' respective financial interest).

### B.    Movant also Satisfies the Typicality and Adequacy Requirements of Rule 23

Movant also satisfies the typicality and adequacy requirements of Rule 23. "The 'typicality threshold is satisfied' where the proposed lead plaintiff's claims 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Di Scala v. ProShares Ultra*

*Bloomberg Crude Oil*, 2020 WL 7698321, at *2 (S.D.N.Y. Dec. 28, 2020) (quoting *Teran v. Subaye, Inc.*, 2011 WL 4357362, at *5 (S.D.N.Y. Sept. 16, 2011)).

As demonstrated in Movant's moving papers, Movant's claims are typical of Class members "because they arise from the same alleged course of events from which the other class members' claims and alleged injuries arise." *Bristol Cnty. Ret. Sys.*, 2024 WL 5118417, at *3 (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008)).

Movant similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4).  Movant has a substantial financial stake in the litigation as well as the incentive and ability to vigorously pursue the Class's claims. Further, Movant's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and the Class. Finally, Movant's selected counsel, Hagens Berman, is highly experienced in securities litigation. *See* Tarnor Decl., Ex. D (ECF No. 26-4). *Di Scala*, 2020 WL 7698321, at *2 ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.") (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Any argument that Movant's amended PSLRA certification (ECF No. 49-1)—filed to correct an inadvertent omission of derivative option contracts (ECF No. 49-1 at  ¶4 and ECF No. 50)—renders him inadequate is without merit. This technical omission was identified on March 18, 2026, during a status update and case review call with counsel, at which time it was clarified

- 4 -

that the initial filing inadvertently excluded certain option contracts and then promptly corrected. *Id*. Courts in this Circuit and throughout the country routinely hold that such good-faith, technical corrections to certifications do not rebut the presumption of adequacy, particularly where, as here, the movant remains the party with the largest financial interest. *See, e.g., Khunt*, 102 F. Supp. 3d at 539 ("[M]inor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.") (internal citation omitted); *David v. Brit. Am. Tobacco P.L.C.*, 2024 WL 4351311, at *6 (E.D.N.Y. Sept. 30, 2024) (rejecting argument that minor discrepancies in loss estimates in certifications made movant inadequate, particularly where movant still had largest financial loss); *In re Solar City Corp. Sec. Litig.*, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017) (collecting cases excusing inconsequential mistakes). Movant's prompt disclosure of these trades immediately upon discovery reinforces his adequacy and his commitment to acting as a transparent fiduciary for the Class.

Similarly, any argument that Movant's transactions in option contracts somehow renders him atypical of the Class is baseless. The Class definition encompasses investors who purchased or otherwise acquired Fermi securities, and thus presumably covers investors who transacted in both Fermi common stock and option contracts. Moreover, Movant realized a modest gain of $37,649 on his option trading (ECF No. 49-2); the entirety of his $532,776 claimed Section 11 loss and $457,332.50 Section 10b loss stem from common stock. ECF No. 49-2. Consequently, the focus of discovery and trial on Mr. Stella's claims will remain squarely on the common stock like the majority of the Class. *See, e.g., Chauhan*, 2021 WL 235890, at *7 (court approved a lead plaintiff who had common stock losses of $564,151.76 offset by options gains of $179,584, noting that this was not "a situation where the majority of [the plaintiff's] losses, or trades, were through options" and distinguished cases where options trading predominated, such as those involving 60%

or 82% of claimed losses from options); *see also*, *Jiang v. Chirico,* 2024 WL 967084, at *12 (S.D.N.Y. Mar. 5, 2024) (court found that where options purchases accounted for only $48,760 compared to over $1 million in common stock purchases, and where the investor's loss calculation excluded the options purchases, the "comparatively small purchases of options" did not render the investor's claims atypical or raise adequacy questions).

Because there is no contrary evidence against Movant, the Court should appoint Movant as lead plaintiff.

**C.      Hagens Berman Should Be Appointed Lead Counsel**

Movant's counsel, Hagens Berman, readily satisfies statutory requirements for lead class counsel and would fairly and adequately represent the class. Hagens Berman has also previously prosecuted a number of similar securities fraud class actions and has been successful. *See* Tarnor Decl., Ex. D (ECF No. 26-4) at pages 16-18. Because Hagens Berman has demonstrated its competency to represent the class, the Court should appoint Hagens Berman as lead counsel.

### III.      CONCLUSION

For the reasons discussed above and in the opening brief (ECF No. 23), Movant respectfully requests that the Court consolidate the related actions, appoint him Lead Plaintiff, and approve his selection of Hagens Berman as Lead Counsel for the Class.

DATED: March 20, 2026                    Respectfully Submitted,

                                                              HAGENS BERMAN SOBOL SHAPIRO LLP

                                                              By      */s/ Nathaniel A. Tarnor*
                                                                       NATHANIEL A. TARNOR

                                                              594 Dean Street, Suite 8
                                                              Brooklyn, NY 11238
                                                              Telephone: (212) 752-5455
                                                              Facsimile:  (917) 210-3980
                                                              nathant@hbsslaw.com

Lucas E. Gilmore (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Joseph Stella*

## WORD COUNT COMPLIANCE CERTIFICATE

I, Nathaniel A. Tarnor, certify that this brief complies with Local Civil Rule 7.1(c).

I further certify that, in preparation of this brief, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court.

I further certify that the above-referenced brief contains 1,597 words.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

- 9 -