**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SALVATORE LUPIA, Individually
and on Behalf of All Others Similarly
Situated,

      Plaintiff,

v.

FERMI INC., TOBY NEUGEBAUER,
MILES EVERSON, GRIFFIN PERRY,
JACOBO ORTIZ, MARIUS HAAS, RICK
PERRY, CORDEL ROBBIN-COKER, LEE
MCINTIRE, UBS SECURITIES LLC,
EVERCORE GROUP L.L.C., CANTOR
FITZGERALD & CO., MIZUHO
SECURITIES USA LLC, MACQUARIE
CAPITAL (USA) INC., ROTHSCHILD &
CO US INC., STIFEL, NICOLAUS &
COMPANY, INCORPORATED, TRUIST
SECURITIES, INC., BERENBERG
CAPITAL MARKETS LLC, and PANMURE
LIBERUM LIMITED,

      Defendants.

Case No. 1:26-CV-00050-MKV

<u>CLASS ACTION</u>

**RESPONSE IN SUPPORT OF SCOTT
WEST'S MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL
OF LEAD PLAINTIFF'S SELECTION
OF LEAD COUNSEL**

Proposed Lead Plaintiff Scott West respectfully submits this Response in support of his Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel. ECF No. 32 (the "Motion"), and in opposition to the competing motions.

On March 6, 2026, the statutory deadline, Mr. West timely filed his Motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §77z-1(a)(3)(B), §78u-4(a)(3)(B), seeking appointment as Lead Plaintiff and approval of his selection of Block & Leviton LLP as Lead Counsel for the Class. Eight other movants, including two movant groups, also filed motions seeking appointment as Lead Plaintiff(s) in this matter. *See* ECF Nos. 11, 17, 22, 24, 29, 34, 38, and 42. An additional movant filed an untimely motion on March 20, 2026. *See* ECF No. 52.

The PSLRA provides that, in selecting a Lead Plaintiff, courts "shall adopt a presumption" that the movant asserting the "largest financial interest in the relief sought by the class," that otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is the "most adequate plaintiff" to represent the class. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I), §78u-4(a)(3)(B)(iii)(I). Here, as set forth in his Motion and supporting documents, Mr. West suffered substantial losses of approximately $237,942.62 in connection with transactions in Fermi common stock during the Class Period. ECF No. 33 at 5. Mr. West also readily satisfies the typicality and adequacy requirements of Rule 23 because his claims arise from the same conduct from which the other Class members' claims and injuries arise, and Mr. West will fairly and adequately protect the interests of the Class. *Id.* at 5-8.

While two other movants, Joseph Stella and the group of Ever Capital Investments S.V., S.A. ("Ever Capital") and Maria Patricia Román Declara, reported larger financial interests in their initial motions, they are not the "most adequate plaintiff(s)" to represent the Class.

1

First, Mr. Stella reported an error in his certification and loss chart on the evening of March 19, 2026, only one day before the March 20 deadline to file oppositions to competing lead plaintiff motions. *See* ECF Nos. 49-50. Mr. Stella stated that his certification and loss chart "inadvertently omitted certain transactions in Fermi Inc. derivative option contracts Mr. Stella executed during the Class Period." ECF No. 50 at 1. The court in *Goldman Sachs* rejected a similar certification that "inadvertently omitted certain Class Period transactions" and stated that while the movant claimed it was a minor defect, "this error 'nonetheless speak[s] to a level of carelessness,' and causes me 'to doubt whether [movant] possesses the necessary adequacy and sophistication to be lead plaintiff.'" *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019); *see also Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (rejecting movant with comparatively higher financial stake, in part due to errors in submissions to court). The same is true here.

In addition to this material error rendering Mr. Stella inadequate to represent the Class, Mr. Stella would also be subject to unique defenses because his trades consist of selling option contracts, whereby Mr. Stella was contractually obligated to purchase stock at a predetermined price negotiated without regard to reliance on the integrity of the market. *See* ECF No. 49-1. Mr. Stella is differently situated from parties who engage in, and whose losses predominantly derive from, ordinary common-stock transactions. *See Di Scala v. ProShares Ultra Bloomberg Crude Oil*, 2020 WL 7698321 at *3 (S.D.N.Y. Dec. 28, 2020).[1]

---

[1] *See also Cook v. Alleran PLC*, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (refusing to appoint investor with largest financial interest where 60% of that movant's loss resulted from options trading and noting that movant "is not, in the opinion of this court, an investor whose claims will turn out to be typical of the average common stockholder within the meaning of Fed. R. Civ. P. 23(a)(3)" and "very likely 'would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict'"); *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (declining to appoint movants who traded "almost exclusively in put and call options," finding that their trading made them "atypical plaintiffs"); *In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (finding that options trader's appointment would "introduce factual issues irrelevant to

Second, Ever Capital and Ms. Román Declara have not demonstrated their ability to effectively manage this litigation as a group. While the PSLRA allows for the appointment of groups, such groups must "proffer an evidentiary showing" that the "grouping would best serve the class" "before its members will be designated as presumptive lead plaintiffs." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). Courts frequently require evidence showing that the "group will be able to function cohesively" and "effectively manage the litigation apart from their lawyers," considering factors including the group's prelitigation relationship and "plans for cooperation." *Id.*

Here, Ever Capital and Ms. Román Declara have a unique employer-employee relationship that could later result in disputes. Ms. Román Declara currently works as a Fixed Income Trader at Ever Capital. ECF No. 44-1 at ¶10. Should Ms. Román Declara or Ever Capital decide to end their existing employment relationship, it would render the leadership structure incohesive and could result in disputes that would distract from the Class's recovery.

Moreover, their primary strategy for resolving disagreements is, "we do not expect any dispute to arise relating to our oversight of this case" but "in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution." ECF No. 44-1 at ¶10. Such generic assurances are insufficient. *See City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 294 n. 5 (S.D.N.Y. 2010) ("While [group of two institutional investors] argues that appointing two investors to serve as the lead plaintiff would allow the two investors to act as a check on one another, we find this outcome

---

stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict"); *Andrada v. Atherogenics, Inc.*, 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (finding options trader atypical and inadequate for lead plaintiff purposes, and noting absence of cases "in which an option holder was deemed to be an appropriate lead plaintiff for an entire securities fraud class action").

no more plausible than a situation where disagreements within the lead plaintiff appointees end up disadvantaging the class"); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (rejecting aggregation when group of three institutional investors had "no agreement in place regarding the resolution of disputes amongst themselves").

Because Mr. West has the largest financial interest in the outcome of this litigation and satisfies the preliminary typicality and adequacy requirements, Mr. West is presumptively the "most adequate plaintiff" to represent the Class. As a result, Mr. West respectfully requests that the Court grant his Motion, appoint Mr. West as Lead Plaintiff, and approve his selection of Block & Leviton as Lead Counsel. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii), §78u-4(a)(3)(B)(iii).

DATED: March 20, 2026                    Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker (*pro hac vice* forthcoming)
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Counsel for Plaintiff Scott West*

4

## WORD COUNT CERTIFICATION

I, Sarah E. Delaney, certify that this Response in support of Mr. West's Motion contains

1,446 words and complies with the word count limitation of Local Civil Rule 7.1(c)

/s/ Sarah E. Delaney
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
sarah@blockleviton.com

*Counsel for Plaintiff Scott West*