**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALVATORE LUPIA, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>          vs.<br><br>FERMI INC., TOBY NEUGEBAUER, MILES EVERSON, GRIFFIN PERRY, JACOBO ORTIZ, MARIUS HAAS, RICK PERRY, CORDEL ROBBIN-COKER, LEE MCINTIRE, UBS SECURITIES LLC, EVERCORE GROUP L.L.C., CANTOR FITZGERALD & CO., MIZUHO SECURITIES USA LLC, MACQUARIE CAPITAL (USA) INC., ROTHSCHILD & CO US INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, TRUIST SECURITIES, INC., BERENBERG CAPITAL MARKETS LLC, and PANMURE LIBERUM LIMITED,<br><br>                          Defendants. | No. 1:26-cv-00050-MKV<br><br>Judge Mary Kay Vyskocil<br><br><u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD <u>COUNSEL</u>**

Proposed Lead Plaintiff the New England Iron Workers[1] respectfully submits this Reply Memorandum of Law in further support of its Motion for appointment as Lead Plaintiff and approval of selection of Labaton as Lead Counsel; and in opposition to all competing movants.[2]

## PRELIMINARY STATEMENT

Only one movant can adequately represent this Class: New England Iron Workers. It alone is an institutional investor. It alone has unquestionable standing on every relevant claim, including claims under the Securities Act. And it alone remains unchallenged. While the competing movants attack each other's adequacy and typicality (ECF Nos. 61-63), no party has questioned New England Iron Workers' ability to lead this Action. Based on this record, the Court should appoint New England Iron Workers Lead Plaintiff.

## ARGUMENT

### I. APPOINTING ANY OF THE COMPETING MOVANTS WOULD EXPOSE THE CLASS TO UNNECESSARY RISK

Appointing any movant other than New England Iron Workers would expose the Class to unnecessary risk. First, each of the competing movants is an unknown individual who has not demonstrated the capacity to fulfill the responsibilities of Lead Plaintiff. As the only institutional movant, New England Iron Workers has the resources and fiduciary experience the PSLRA requires of lead plaintiffs. *Peters v. MoonLake Immunotherapeutics,* 2026 WL 81717, at *1 (S.D.N.Y. Jan. 7, 2026) (appointing an institutional Lead Plaintiff over an individual with a larger loss because of its resources and experience). In contrast, each of the other movants is an

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from those in New England Iron Workers' opening motion and supporting papers. *See* ECF Nos. 17-19. All citations and internal quotations are omitted, and all emphasis is added, unless noted.

[2] Of the nine lead plaintiff movants, only four are still seeking appointment: New England Iron Workers (ECF No. 59); Joseph Stella (ECF No. 61); Scott West (ECF No. 62); and Ever Capital Investments S.V., S.A. and Maria Patricia Román Declara (the "Ever Capital Group") (ECF No. 63).

individual about whom little is known and who has done nothing to show they have the resources and know-how to oversee counsel in the best interests of the Class.  In fact, one movant, Joseph Stella, has already demonstrated the risks inherent in having individuals serve as lead plaintiff by omitting relevant securities transactions from his original certification.  ECF No. 50.  Mr. Stella states that he excluded these transactions because he "did not previously understand that the PSLRA's disclosure requirements for 'securities' included these specific option contracts."  *Id.*; *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *5-6, *9 (S.D.N.Y. Nov. 12, 2021) (finding lead plaintiff movant inadequate due in part to inconsistencies in the movant's loss chart and certification).  Such misunderstandings are precisely why institutions are preferred over individuals: they have the expertise and resources to understand what is required of lead plaintiffs under the PSLRA.

Second, every competing movant has questionable standing under the Action's Securities Act claims.  ECF No. 59 at 5-8.  New England Iron Workers is the only movant which purchased shares in Fermi's IPO.  It is the only remaining movant that sustained losses on shares purchased before Fermi registered non-IPO shares on October 17, 2025.  ECF No. 59 at 7.  The other movants bought Fermi shares in a "mixed market" and cannot prove they actually suffered damages from buying IPO shares.  *See In re Danimer Sci., Inc. Sec. Litig.*, 2023 WL 6385642, at *3-4 (E.D.N.Y. Sept. 30, 2023) (dismissing the class' Securities Act claims with prejudice because no representative party purchased shares directly from the relevant offering).  Defendants will exploit this vulnerability, subjecting the Class to unnecessary standing challenges, motion practice, and expense.  New England Iron Workers is the only movant immune to these attacks.

The competing movants' extensive cross-attacks on one another only underscore New England Iron Workers' unquestionable typicality and adequacy.  Movant Scott West points to

2

Joseph Stella's inaccurate certification and his lack of open market Fermi purchases.  ECF No. 62 at 2.  The Ever Capital Group echoes these attacks.  ECF No. 63.  Scott West also attacks the Ever Capital Group, claiming they cannot function cohesively.  ECF No. 62 at 3.  Meanwhile, no movant has or could credibly challenge New England Iron Workers, as it is clearly a typical and adequate representative subject to no unique defenses.  To protect the Class and ensure it has the best possible representation, New England Iron Workers should be appointed.

## II.    NEW ENGLAND IRON WORKERS' ADEQUACY AND TYPICALITY ARE UNREBUTTED

In contrast to the competing movants, New England Iron Workers' typicality and adequacy are completely unchallenged.  *See* ECF Nos. 61-63.  New England Iron Workers is the unrebutted most adequate plaintiff.

## CONCLUSION

For the reasons discussed above and in prior briefs, New England Iron Workers respectfully requests that the Court grant its Motion and deny the competing motion.

 DATED: March 27, 2026

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville
Connor C. Boehme
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

3

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Movant New England Iron Workers

certifies that this Memorandum of Law in support of the New England Iron Workers contains 792

words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: March 27, 2026

*s/ Francis P. McConville*
Francis P. McConville
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com

4